[620 NYS2d 458]

In the Matter of ANDREW L. AARON (Admitted as ANDREW LEWIS AARON), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 1994

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Dianne M. Saccone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges. The petitioner moves to confirm the report of the Special Referee.

Charge One alleged that the respondent converted and misappropriated client escrow funds. The respondent was retained by a client in March 1992 to represent him in settlement negotiations with his former business partner. Upon the reaching of an agreement, a check dated October 21, 1993, in the amount of $17,933.65, was written by the former business partner payable to "Andrew Aaron, as attorney for [the client]". The respondent's monthly statement for his escrow account for the period from September 27, 1993 to October 26, 1993 indicates that on or about October 22, 1993, this $17,933.65 was placed in the respondent's escrow account. During the period from mid-October to at least January 1994, the respondent failed to respond to the client's written and telephone requests regarding the status of his legal matter. The respondent's monthly escrow statement indicates that the closing balance on or about October 26, 1994, was $7,598.35, an amount less than the sum to be remitted to the client.

On or about March 22, 1994, the respondent sent the client a check in the amount of $12,000 written on a nonescrow account. By notice dated March 23, 1994, the client was informed by Citibank that the check written by the respondent was returned unpaid. By failing to maintain the funds intended for his client in his escrow account and by subsequently failing to remit them to the proper party, the respondent has wrongfully converted funds in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]) and DR 1-102 (A) (4) and (7) (now [8]) (22 NYCRR 1200.3 [a] [4], [7]).

Charge Two alleged that the respondent failed to cooperate with the Grievance Committee for the Tenth Judicial District in the investigation of the aforementioned complaint filed by the client. On February 2, 1994, the respondent was sent a letter advising him that the Grievance Committee had opened a complaint against him in connection with the client's complaint. The letter required a reply within 10 days. No reply was received. On March 2, 1994, a certified letter was sent to

the respondent, demanding his response within five days. Again, no response was received. On March 18, 1994, the respondent was served with a judicial subpoena demanding that he appear at the Grievance Committee's offices on March 24, 1994. By his documented failure to cooperate with the lawful demands of the petitioner, the respondent has violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent submitted an answer to the petition, but did not appear at the hearing. Based on the evidence presented by the petitioner's counsel at the hearing, we find that the Special Referee properly sustained Charges One and Two. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we are confronted with the respondent's conversion of funds and his continued failure to cooperate, culminating in his failure to appear at the hearing. Under the circumstances, the respondent's disbarment is warranted.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Andrew L. Aaron, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Andrew L. Aaron shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Andrew L. Aaron is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.